In the Matter of the **ESTATE OF Monroe TUNTLAND, Deceased.**

**STATE of North Dakota, Appellant,**

v.

**Ann KONIARSKI, Personal Representative of the Estate of Monroe Tuntland, Deceased, Appellee.**

**Civ. No. 10784.**

Supreme Court of North Dakota.

March 13, 1985.

As Amended April 1, 1985.

Judith Cummings and Blaine L. Nordwall, Asst. Attys. Gen., N.D. Dept. of Human Services, State Capitol, Bismarck, for appellant; case submitted on briefs.

Sproul, Lenaburg, Fitzner & Walker, Valley City, for Quam-Plaisted Funeral Home and for appellee Estate; and Raymond R. Rund, Finley, for appellee Personal Representative; case submitted on briefs.

GIERKE, Justice.

The North Dakota Department of Human Services [the State] appeals from a Steele County Court judgment which allowed payment of funeral expenses in the amount of $4,047.70 on behalf of the Estate of Monroe Tuntland, pursuant to North Dakota's Uniform Probate Code. The county court concluded that the payment was proper, notwithstanding § 50–24.1–07 of the North Dakota Century Code, which limits payment of funeral expenses to $1,400.00 in cases where the deceased has been a recipient of medical assistance from the State. We reverse and remand.

Monroe Tuntland died on January 31, 1983. The North Dakota State Department of Human Services filed a claim against Mr. Tuntland's estate for reimbursement of two types of assistance which had been furnished to him. Mr. Tuntland had received medical assistance in the amount of $3,647.09, and old age assistance in the amount of $674.00, totaling $4,321.09. Mr. Tuntland's estate at the time of his death consisted of $8,000.87. The $8,000.87 was distributed as follows:

| | |
|---|---:|
| Check written by Monroe that cleared after death | $ 84.00 |
| Cushman Funeral Home, Funeral Expenses, 4/8/83 | 4,047.70 |
| Bill to Northwestern Bell Telephone Co., 4/11/83 | 36.95 |
| Ann Koniarski, Personal Representative, Fees, 7/5/83 | 475.00 |
| Raymond R. Rund, Attorney Fees, 7/5/83 | 640.62 |
| Cooperstown Granite, Headstone, 7/27/83 | 550.00 |

Steele County Social Services, on claim
filed by ND Dept. of Human Services, 11/9/83    $ 2,166.60*
           TOTAL    $ 8,000.87

 *   The personal representative's report does indicate the
Steele County Social Service Board was paid $2,166.60.
However, the check received from the personal represen-
tative, by Steele County Social Services, was drawn in
the amount of $2,161.60.

As the above distribution shows, there were insufficient funds available to pay the State's claim in full. The State thus sought review in county court of the dispo-sition of assets. The State asserted to the county court that it has a preferred claim over the funeral home by virtue of § 50–24.1–07, N.D.C.C. Section 50–24.1–07 pro-vides that payment of funeral expenses is limited to $1,400.00 in cases where the de-ceased has received medical assistance from the State. The county court, how-ever, concluded that the $1,400.00 limita-tion of § 50–24.1–07, N.D.C.C., does not take precedence over the North Dakota Probate Code's provision, § 30.1–19–05, N.D.C.C., which sets forth a priority for the payment of reasonable funeral ex-penses. This appeal followed.

The issue for this court is whether or not the county court erred in allowing the pay-ment of $4,047.70 for funeral expenses, notwithstanding the limitation set forth in § 50–24.1–07, N.D.C.C.

Section 30.1–19–05(1) [U.P.C. 3–805], N.D.C.C., sets forth a priority system for paying claims against an estate when an estate's assets are insufficient to cover all of the claims:

"*30.1–19–05 [3–805] Classification of claims.*—1. If the applicable assets of the estate are insufficient to pay all claims in full, the personal representative shall make payment in the following or-der:

"a.   Costs and expenses of administra-tion.

"b.   Reasonable funeral expenses.

"c.   Debts and taxes with preference under federal law.

"d.   Reasonable and necessary medi-cal and hospital expenses of the last illness of the decedent, including com-pensation of persons attending him.

"e.   Debts and taxes with preference under other laws of this state.

"f.   All other claims."

The term "reasonable funeral expenses" is not specifically defined in the probate code.

In the instant case, because the as-sets of Mr. Tuntland's estate were insuffi-cient to cover all of the claims against it, the personal representative first paid the costs and expenses of administration, then paid funeral expenses of $4,047.70, and fi-nally paid a portion of the amount due the State for reimbursement of medical and old age benefits previously provided to Mr. Tuntland. The State, however, argues that the payment of funeral expenses is limited to $1,400.00 under § 50–24.1–07, N.D.C.C., which provides:

"*50–24.1–07. Recovery from estate of medical assistance recipient.* On the death of any recipient of medical assist-ance who was sixty-five years of age or older when he received such assistance, the total amount of medical assistance paid on behalf of the decedent following his sixty-fifth birthday shall be allowed as a preferred claim against the dece-dent's estate *after funeral expenses not in excess of fourteen hundred dollars,* expenses of last illness, and expenses of administering the estate, including attor-ney's fees approved by the court, and claims on behalf of the state hospital have been paid. No claim must be paid during the lifetime of the decedent's sur-viving spouse, if any, nor while there is a surviving child who is under the age of twenty-one years or is blind or perma-nently and totally disabled, but no timely

filed claim shall be disallowed because of the provisions of this section. Every personal representative, upon the granting of letters of administration or testamentary shall, at the time that publication of notice to creditors is required, forward to the department of human services a copy of the petition or application commencing probate, heirship proceedings, or joint tenancy tax clearance proceedings in the respective county court, together with a list of the names of the legatees, devisees, surviving joint tenants, and heirs at law of such estate. If no notice is required by the proceedings, the personal representative shall forward to the department of human services a copy of the petition or application commencing the proceedings, together with a list of the names of the legatees, devisees, surviving joint tenants, and heirs at law of the estate. Unless a properly filed claim of the department of human services is paid in full, the personal representative shall provide to the department a statement of assets and disbursements in the estate." [Emphasis added.]

We agree with the State's contention.

Section 1–02–07, N.D.C.C., provides that:

"*1–02–07. Particular controls general.*—Whenever a general provision in a statute shall be in conflict with a special provision in the same or in another statute shall be construed, if possible, so that effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest legislative intent that such general provision shall prevail."

The instant case presents a specific provision contained in § 50–24.1–07, N.D.C.C.,

which provides for the recovery from an estate of medical assistance previously given to the deceased. This specific provision governs over the more general provision contained in the Probate Code, *i.e.*, § 30.1–19–05(1), N.D.C.C., which sets forth the priority of claims against an estate. *Mid-America Real Estate & Inv. Corp. v. Lund*, 353 N.W.2d 286, 289–290 (N.D.1984); *Bumann v. St. Paul Fire and Marine Ins. Co.*, 312 N.W.2d 459, 463 (N.D.1981). Section 30.1–19–05(1), N.D.C.C., was adopted in 1973 as part of North Dakota's Uniform Probate Code.

In 1975, the Legislature created a preference for the payment of State medical assistance claims immediately after the payment of funeral expenses.[1] At that time no dollar limitation was placed on the amount of allowable funeral expenses. However, in 1977 a limit was subsequently placed on the amount of funeral expenses which could be paid out in cases where the decedent had received medical assistance.[2] The limit was raised each legislative session thereafter to its present level of $1,400.00.[3] We conclude that the $1,400.00 limitation on the payment of funeral expenses set forth in § 50–24.1–07, N.D.C.C., controls over the general probate provisions of § 30.1–19–05(1), N.D.C.C.

■ Appellee, the personal representative of Mr. Tuntland's estate, further argues on appeal that the State may not recover moneys paid to the decedent for old age assistance because the statute under which payment had been authorized was repealed. We disagree.

Mr. Tuntland has been a recipient of $674.00 of old age assistance under a program administered by the State and governed by Chapter 50–24, N.D.C.C. The State program was subsequently replaced by one administered by the Federal

---

1. House Bill No. 1515, Forty-fourth Legislative Assembly, S.L.1975, Ch. 447, § 3.

2. Senate Bill No. 2170, Forty-fifth Legislative Assembly, S.L.1977, Ch. 454, § 2 (allowable funeral expenses limited to $900.00).

3. Senate Bill No. 2344, Forty-sixth Legislative Assembly, S.L.1979, Ch. 512, § 2 (allowable funeral expense limit raised from $900.00 to $1,200.00; S.B. 2345, Forty-seventh Legislative Assembly, S.L.1981, Ch. 496, § 1 (allowable funeral expense limit raised from $1,200.00 to $1,400.00).

Government. Chapter 50–24, N.D.C.C., was subsequently repealed. Along with the repeal of Chapter 50–24, the Legislature specifically provided that the repeal of Chapter 50–24 would not prevent the State from recovering from the estate of deceased recipients. We are not persuaded that the method used by the Legislature to preserve the State's right to recovery was defective.

 Appellee further argues that § 50–24.1–07, N.D.C.C., constitutes an impairment of a contractual obligation contrary to Article I, § 18 of the North Dakota Constitution. We find no merit in appellee's argument.

Finally, appellee argues that a question of fact is presented in the instant case which was not resolved in county court, and which prevents a resolution in favor of the appellant, the State. This factual issue was presented to the trial court, but no finding was made thereon. However, a finding with regard to this issue would not change the outcome of the appeal.

We hold that the county court erred in its determination that § 50–24.1–07, N.D.C.C., does not have priority over § 30.1–19–05(1) of North Dakota's Uniform Probate Code. The $1,400.00 limitation on allowable funeral expenses set forth in § 50–24.1–07, N.D.C.C., controls over the general provision of § 30.1–19–05(1), N.D.C.C. The State is therefore entitled to payment in the amount of $2,159.49.

Accordingly, the county court's decision is reversed and the case remanded for disposition of the assets consistent with this opinion.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.