Lila **ANDERSON**, Plaintiff
and Appellant,

v.

John **ANDERSON**, Defendant
and Appellee.

Civ. No. 890142.

Supreme Court of North Dakota.

Nov. 20, 1989.

Maxwell Law Office, Fargo, for plaintiff and appellant; argued by Ralph B. Maxwell.

Garaas Law Firm, Fargo, for defendant and appellee; argued by Jonathan T. Garaas.

ERICKSTAD, Chief Justice.

Lila Anderson appealed from a district court judgment modifying an original custody decree by changing custody of the parties' minor daughter, Tara, from Lila to Tara's father, John. We reverse and remand for a new trial.

Lila and John were married in 1974, and Tara was born in 1981. Lila and John were divorced in 1982, and, based upon a stipulated agreement between them, judgment was entered placing Tara in Lila's custody and giving John reasonable visitation rights.

After the divorce, Lila had a relationship with another man for approximately three and one-half years. During that time they had a son, Derrick, who was born in 1985. Following Lila's separation from this man, she retained physical custody of both Tara and Derrick.

Lila sought professional help in March 1988 for a longstanding problem of alcohol abuse. At that time, she asked John, who was remarried, to temporarily provide care for Tara while Lila received treatment at the Heartview Foundation. She asked Derrick's father to temporarily take care of him during this time. Both men agreed to do so.

Lila received treatment at Heartview for approximately one month, from March 31, 1988 until April 28, 1988. On April 26, 1988, John filed a motion requesting the district court to modify the original custody decree by placing Tara in John's custody with reasonable visitation rights for Lila. Following a hearing the district court entered judgment granting John's motion, from which Lila filed this appeal.

■ When the trial court is making an original award of custody between parents in a divorce proceeding, it must determine the single issue of what is in the child's best interest. *Orke v. Olson*, 411 N.W.2d 97 (N.D.1987). However, when the trial court considers a request to modify an original custody award, it must determine two issues: (1) whether or not there has been a significant change of circumstances since the original divorce decree and custody award; and, if so, (2) whether or not the changed circumstances are such that the best interest of the child would be served by a custody modification. *Miller v. Miller*, 305 N.W.2d 666 (N.D.1981). The burden of showing a change of circumstances which requires a change of custody is on the party seeking modification of the custody award. *Pitsenbarger v. Pitsenbarger*, 382 N.W.2d 662 (N.D.1986).

■ Lila asserts that the trial court failed to address the issue of "significant change of circumstances" and for that reason the custody modification should be reversed. We agree.

At the conclusion of the hearing in this case, the trial court stated:

"... The second matter is the Defendant's motion for amendment of the Judgment and Decree giving him custody of Tara Anderson. The test for this is what is in the best interest of the child...."

In its written findings of fact the trial court made the following relevant finding:

"That John Alan Anderson is capable of providing a stable home and it is in the best interest of the minor child that custody be awarded to the Defendant."

Having reviewed the entire record in this case, we agree with Lila's counsel that the trial court failed to address the issue of whether there has been a significant change of circumstances since the original custody decree was entered. If the trial court was cognizant that a significant change of circumstances must be found before the court can modify an original custody decree, it failed to overtly acknowledge that issue. To the contrary, the trial court's oral statements from the bench, as well as its written findings, indicate that it focused solely upon a determination of whether it would be in Tara's best interest to reside with her father or mother, without first considering whether there had been a significant change of circumstances since the original decree to warrant a change of custody. The parties are entitled to a determination by the trial court which is based on an appropriate application of the law. *See Delorey v. Delorey*,

357 N.W.2d 488 (N.D.1984); *Hultberg v. Hultberg,* 259 N.W.2d 41 (N.D.1977). We conclude, therefore, that the trial court committed reversible error by failing to address the "significant change of circumstances" issue.

The hearing was conducted under Local Rule No. 2 for the East Central Judicial District. Lila asserts that she was denied a fair hearing because the court placed limitations upon the scope of the evidence and the time allotted for the hearing. Lila's trial counsel, who is not her attorney on appeal, did not raise an effective objection to the trial court's conduct of the proceedings. Lila also asserts that the trial court committed other errors in admitting evidence and conducting the proceedings under Local Rule No. 2.[1] None of these issues are dispositive of this appeal nor are they certain to arise on remand, and therefore we need not address them.

■ We reverse the judgment and remand for a new hearing on the merits. It is our understanding that Tara was placed in John's custody after the hearing on March 22, 1989. It is not in a child's best interest to "bandy the child back and forth between the parents." *Lapp v. Lapp,* 293 N.W.2d 121, 128 (N.D.1980). Consequently, pending a new hearing and redetermination by the trial court, custody of Tara should remain with John. However, we urge the court and counsel for both parties to expedite the retrial and redetermination of the motion for change of custody.

GIERKE, MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, Justice, concurring specially.

There are times when we must exalt form over substance and this may be one of those times. Although the trial court did not, as the majority observes, "address the issue of 'significant change of circumstances,'" the failure to do so may very well have been a result of the record before it in which the significant changes were so self-evident as to obviate the necessity to set them forth. The majority opinion does not discuss all those facts and it does not serve my purpose to do so here. It is sufficient for me to note that if that were the only issue the record is such that I would be sorely tempted to affirm the trial court's order, notwithstanding the need in almost every instance for the trial court to make findings concerning that significant change in circumstances as that is the touchstone to a change in custody. *E.g., Miller v. Miller,* 305 N.W.2d 666 (N.D. 1981).

But the record is, to me, the problem. I recognize Lila's trial counsel failed to object to the limitations placed on the scope of the evidence and the time for the hearing. However, in an instance such as this wherein the custody is to be changed from the parent who has been the custodial parent since 1982, I believe that parent should have an adequate opportunity to offer any evidence the parent may have to justify the continuation of that relationship. That was not done here and, notwithstanding Local Rule No. 2 of the East Central Judicial District, and the lack of any objection to the procedure by Lila's counsel, I concur in the result set forth in the majority opinion, *i.e.,* that we remand for a new hearing on the merits.

---

1. Rule 3.2 of the North Dakota Rules of Court provides that, unless a party requests the taking of testimony or oral argument, a motion is deemed heard when it is submitted on brief or when the time for filing a brief expires. Local Rule No. 2, adopted by the judges of the East Central Judicial District, provides for submission of evidence by affidavits with the right of the opposing party to cross examine affiants at a hearing. The differences between Local Rule No. 2 and Rule 3.2, N.D.R.O.C., may be significant for other purposes but are immaterial for purposes of the issues raised on this appeal.