**Leo D. HEINEN, Plaintiff and Appellee,**

v.

**Ilene M. HEINEN, Defendant and Appellant.**

**Civ. No. 890287.**

Supreme Court of North Dakota.

March 1, 1990.

Winkjer, McKennett, Stenehjem, Murphy & Reierson, Williston, for defendant and appellant; argued by Kent A. Reierson.

Johnson Law Office, Watford City, for plaintiff and appellee; argued by Dennis E. Johnson.

ERICKSTAD, Chief Justice.

Ilene Heinen appealed from a district court judgment modifying an original custody decree by allowing Leo Heinen to have actual physical custody of the parties' two minor children, Heidi and Amber, for nine months out of the year during the school term. We affirm.

Ilene and Leo were divorced pursuant to a stipulation of property settlement, child support, and custody agreement dated August 19, 1986, which was incorporated into the judgment of divorce dated August 25, 1986. Two children were born of the marriage: Heidi Lee Heinen, born August 28, 1982, and Amber Sue Heinen, born February 24, 1984. One view of the stipulation and judgment was that Ilene and Leo were to have joint custody of the children with Leo having physical custody for nine months during the school year and Ilene having physical custody during the summer months, until May 15, 1989, at which time the custody arrangement was to be reversed with Ilene having physical custody of the children for nine months during the school year and Leo having physical custody of the children during the summer months.[1] The stipulation and judgment, however, included this provision:

---

1. The actual language of the stipulation and judgment relating to the custody arrangement prior to May 15, 1989, is as follows:

"3. That the Plaintiff and Defendant have joint custody of the two minor children of the parties, to-wit: Heidi Lee Heinen, born August 28, 1982 and Amber Sue Heinen, born February 24, 1984, with actual physical custo- dy to be awarded to the Plaintiff for 9 months out of the year, during the school term. For the 3 months during the Summer, the Defendant is to have custody of the children. This arrangement shall continue until May 15, 1989. Plaintiff shall have custody of the children starting August 15, 1986. These dates may vary somewhat, it being the intention of

"The parties shall review the custody arrangement following May 15, 1989, and, if possible, agree as to where the children should be placed for the majority of the time, when taking the best interests of the children into full consideration. If either party does not agree that after May 15, 1989, that the Defendant [Ilene] should have the children during the nine months of the school year and the Plaintiff [Leo] have the children for the three months during the Summer, either party may petition the Court for a determination as to what would be in the best interests of the children in regard to custody, care and control and request the Court after hearing and fact finding to make determination as to where the children should be placed in their best interests."

On April 7, 1989, Leo petitioned the court to make a determination of the proper custody arrangement for the parties' minor children. A hearing was held on June 27, 1989. The district court issued its memorandum opinion dated June 30, 1989, wherein the court stated that the memorandum opinion could be treated as findings of fact, conclusions of law, and order for amending the 1986 judgment. On July 6, 1989, the amended judgment was entered and notice of entry of the amended judgment was served by mail. Ilene filed a notice of appeal from the amended judgment on August 28, 1989.

On appeal, Ilene contends that there was not a significant change of circumstances justifying modification of the original custody decree; and that the district court erred in applying factors regarding the best interests of the children in determining whether or not there had been a significant change of circumstances. Leo contends that a finding of a significant change of circumstances was not required in this case because the stipulation and order expressly provided for review, or because the original order was based upon a stipulation and not upon a judicial decision after a hearing wherein the best interests of the children were determined in permitting the change in physical custody after May 15, 1989.

■■■■ When a trial court is making an original award of custody between parents in a divorce proceeding, it must determine the single issue of what is in the child's best interest. *Orke v. Olson*, 411 N.W.2d 97, 99 (N.D.1987). However, ordinarily when the trial court considers a request to modify an original custody award, it must determine two issues: (1) whether or not there has been a significant change of circumstances since the original divorce decree and custody award; and, if so, (2) whether or not the changed circumstances are such that the best interests of the child would be served by a custody modification. *Anderson v. Anderson*, 448 N.W.2d 181, 182 (N.D.1989); *Miller v. Miller*, 305 N.W.2d 666, 671 (N.D.1981). The burden of showing a significant change of circumstances which requires a change of custody is on the party seeking modification of the custody award. *Pitsenbarger v. Pitsenbarger*, 382 N.W.2d 662, 664 (N.D.1986).

■■■ Leo argues that the specific language of the stipulation in this case allows for a determination based solely on the best interests of the children and does not require a showing of significant change of circumstances. The specific language of the stipulation in this case is unique in that it did say that "[a]fter May 15, 1989, the custody arrangement to be reversed with Plaintiff [Leo] having custody of the children for three months during the Summer and Defendant [Ilene] having custody of the children for nine months during the Winter," and yet it states that "either party may petition the Court for a determination as to what would be in the best interests of the children in regard to custody, care and control" if either party disagrees

the Court for the Defendant to have the minor children for three months during her Summer vacation from school.

"After May 15, 1989, the custody arrangement is to be reversed with Plaintiff having custody of the children for three months during the Summer and Defendant having custody of the children for nine months during the Winter. The parties both have primary concerns being the best interests of the children."

with the custody arrangement after May 15, 1989.

Because the parties would have had the right to seek a change of custody when a significant change of circumstances had occurred without such a provision in the judgment, we assume the provision has meaning other than that. The most logical conclusion to be drawn from the stipulation is that the custody determination was not final and that if the parties could not agree as to the custodial arrangements after May 15, 1989, either party could ask the court to determine custody based upon what was in the best interests of the children at that time. Such a construction of the judgment leads us to a result quite different from our earlier cases where no such peculiar stipulation or provision in the judgment existed.

In so deciding, we are not unmindful that we recognized the change of circumstances concept in a custody modification as early as 1949. *See Sjol v. Sjol,* 76 N.D. 336, 35 N.W.2d 797 (1949). While a custody determination is always modifiable, the requirement of a showing of a significant change of circumstances provides a certain amount of permanency and stability, which is desirable. For purposes of finality, a prior decree should not be modified without a showing of a significant need for doing so. *Wright v. Wright,* 431 N.W.2d 301, 303 (N.D.1988); *Bergstrom v. Bergstrom,* 296 N.W.2d 490, 493 (N.D. 1980).

In concluding as we have in this case, we have not abandoned our support for the above rationale nor have we done so on the reasoning asserted by Leo to the effect that a finding of a substantial change of circumstances is not required because the original order was based upon a stipulation and not upon a judicial decision wherein the best interests of the children were considered in permitting the stipulated custody arrangement. Leo refers us to South Dakota and North Carolina case law for this latter proposition. *See Williams v. Williams,* 425 N.W.2d 390 (S.D.1988) (when divorce decree is based on agreement of the parties, issue of custody

may be considered in subsequent custody modification hearing without substantial change of circumstances constraints); *Hansen v. Hansen,* 327 N.W.2d 47 (S.D. 1982) (when original custody decree is based on agreement of the parties, party seeking modification is not required to show a substantial change of circumstances); *Newsome v. Newsome,* 42 N.C.App. 416, 256 S.E.2d 849 (1979) (reason behind change of circumstances requirement before modification of custody decree is to prevent re-litigation of conduct and circumstances that antedate prior custody order).

Not long ago, this Court indicated, however, that the significant change of circumstances finding is required even when the original custody decree is based on a stipulation between the parties. *See Anderson v. Anderson, supra,* 448 N.W.2d 181. In *Anderson,* Lila Anderson appealed an amended judgment changing custody of her minor daughter to the child's father, John Anderson. The original custody decree was based upon a stipulated agreement between John and Lila. On appeal, Lila argued that the trial court had not addressed the issue of whether or not there had been a significant change of circumstances. In reversing the change of custody, we said:

"Having reviewed the entire record in this case, we agree with Lila's counsel that the trial court failed to address the issue of whether there has been a significant change of circumstances since the original custody decree was entered. If the trial court was cognizant that a significant change of circumstances must be found before the court can modify an original custody decree, it failed to overtly acknowledge that issue. To the contrary, the trial court's oral statements from the bench, as well as its written findings, indicate that it focused solely upon a determination of whether it would be in Tara's best interest to reside with her father or mother, without first considering whether there had been a significant change of circumstances since the original decree to warrant a change of custody. The parties are entitled to a

determination by the trial court which is based on an appropriate application of the law. *See Delorey v. Delorey,* 357 N.W.2d 488 (N.D.1984); *Hultberg v. Hultberg,* 259 N.W.2d 41 (N.D.1977). We conclude, therefore, that the trial court committed reversible error by failing to address the 'significant change of circumstances' issue."

*Anderson,* 448 N.W.2d at 182–83.

This case is distinguishable from *Anderson,* however, on the basis of the unique language of the stipulation in this case. Because of its incorporation in the judgment, we conclude that the initial decree granting court approved in effect a waiver of the need to establish first that a significant change of circumstances had occurred before a party could petition for a change in the custody provisions of the judgment. Compare *Tiokasin v. Haas,* 370 N.W.2d 559 (N.D.1985) (trial court not obliged to accept and in fact did not accept stipulation of parties eliminating child support).

█ Having so concluded, we must determine whether or not the district court clearly erred in making the change in the custody provisions of the amended judgment.

During the summer of 1986, prior to the divorce, Ilene and Leo separated. Ilene went to Grand Forks to attend college. She currently resides in a family housing apartment on the campus of the University of North Dakota in Grand Forks and anticipates graduating with her accounting degree in 1991 or 1992, depending upon whether or not she is awarded custody of the children during the school year. Leo resides in Watford City, where the children have lived all their lives, with the exception of the time they have spent with Ilene in Grand Forks. Leo remarried ten months after the divorce. Leo's present wife, Kathy, maintains a good relationship with Heidi and Amber.

In a memorandum opinion dated June 30, 1989, which was treated as the findings of facts, conclusions of law, and order for judgment, the district court, in pertinent part, found and concluded:

"3.  Since the August 1986 divorce

—L [Leo] married Kathy June 1987.

—Kathy, 42, widow, works part-time $5 hour, has two sons, one in military & other still in college.

—I [Ilene] remained single. Has not yet completed college which she started in summer of 1986 at UND Grand Forks. Works part-time. Earned $5,900 last year. Taking 12 class hours per semester. Hopes gain accounting degree in 1991. School loans and scholarships? Yes. Resides apartment? Yes.

—Child H [Heidi] started & completed first grade. Child A [Amber] starts school this fall. Children enjoy rural home 4 miles south of Watford. Have pets. Benefit from association/visits with many nearby relatives (both paternal and maternal side) including I's parents in Watford.

"4.  Custody. One who seeks post-divorce change of custody of minor child has the burden of proving a substantial change of circumstances which affects the best interests of the child. It is a considerable burden but it is a proper burden because the parties and children themselves must be protected from vexatious litigation or resulting uncertainty growing from such litigation.

Some factors to consider are:

   Length of time child lives in stable, satisfactory environment?

   Desirability of maintaining continuity?

   Primary caretaker?

   Emotional bonding/ties existing between parent and child?

   Health and fitness of parent?

   Capacity and disposition to give affection and guidance?

Having considered these factors, the evidence and argument, I conclude:

—Change of circumstances since the divorce suffice to justify changing the 1986 decree so as to stay with the same custody arrangements as have been followed over the past three years.

—Continuation better serves the best interests and welfare of the child."

In the amended judgment dated July 6, 1989, the court, in pertinent part ordered:

"2. Since the divorce decree and judgment entered in August of 1986 there have been changes of circumstances which suffice to justify changing the 1986 divorce decree.

"3. The Plaintiff and Defendant have joint custody of the two minor children of the parties, to-wit: Heidi Lee Heinen born August 28, 1982, and Amber Sue Heinen, born February 24, 1984, with actual physical custody [to] be with Leo D. Heinen, the father, for 9 months out of the year during the school term. For the 3 months during the summer, the Defendant, Ilene M. Heinen, shall have physical custody of the children. Leo D. Heinen shall have custody of the children

starting August 15 of each year, subject to this being modified somewhat, it being the intention of the Court for the Plaintiff, Leo D. Heinen, to have the children during the school year and for the Defendant, Ilene M. Heinen, to have the minor children for 3 months during the school summer vacation."

Although the district court apparently believed that its first duty was to determine whether or not there had been a significant change of circumstances notwithstanding the stipulation and, in that process, may have relied on best interest factors, we think that is immaterial in this case because of the meaning we attribute to the stipulation.[2]

There is no question but what the district court concluded that the best interest factors[3] favor placing custody of the chil-

---

2. Ilene asserts in her reply brief in this Court that if Leo is not to be required to prove a significant change of circumstances before the issue of best interests is considered, that this case must be remanded to the trial court to permit her to introduce evidence relating to her care and nurturing of the children during the period of time preceding the original judgment establishing custody.

She asserts, in essence, that she was precluded from submitting such evidence because she relied on the trial court's determination that Leo would have to first prove a change of circumstances. The only reference made in the trial court to the admissibility of circumstances prior to the divorce was as follows:

"MR. MORROW: [Trial counsel for Ilene] Your Honor, maybe before we start, just to clarify matters. As long as this is what I have determined to be a motion to modify custody, perhaps we could with the Court's permission limit testimony to matters since the divorce.

"THE COURT: That is normally the situation.

"MR. MORROW: Okay. Thank you."

No affidavit has been filed in our Court in support of such prejudgment nurturing and care and apparently no offer of proof was made in the district court relevant to this issue. Under the circumstances, we do not believe a remand for such a purpose is appropriate.

3. *See* section 14–09–06.2, N.D.C.C., which reads:

"1. For the purpose of custody, the best interests and welfare of the child is determined by the court's consideration and evaluation of all factors affecting the best interests and welfare of the child. These factors include all of the following when applicable:

a. The love, affection, and other emotional ties existing between the parents and child.

b. The capacity and disposition of the parents to give the child love, affection, and guidance and to continue the education of the child.

c. The disposition of the parents to provide the child with food, clothing, medical care, or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

d. The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

e. The permanence, as a family unit, of the existing or proposed custodial home.

f. The moral fitness of the parents.

g. The mental and physical health of the parents.

h. The home, school, and community record of the child.

i. The reasonable preference of the child, if the court deems the child to be of sufficient intelligence, understanding, and experience to express a preference.

j. The existence of domestic violence. If the court finds that domestic violence has occurred, the court shall provide for a custody arrangement that best protects the child and the parent or other family or household member who is the victim of domestic violence from any further harm. As used in this subdivision, 'domestic violence' means domestic violence as defined in section 14–07.1–01.

k. The interaction and interrelationship, or the potential for interaction and interrelationship, of the child with any person who resides in, is present, or frequents the household of a parent and who may significantly affect the child's best interests. The court shall consider that person's history of inflicting, or tend-

dren for the school months with Leo.[4] We do not believe that determination was clearly erroneous.

Accordingly, we affirm the amended judgment.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

ency to inflict, physical harm, bodily injury, assault, or the fear of physical harm, bodily injury, or assault, on other persons.

*l.* Any other factors considered by the court to be relevant to a particular child custody dispute."

4. In analyzing the best interest of the children factors, the court, in relevant part, found:

"5. Except as noted below, each parent appears about the same on the scales when I balance, evaluate and consider the factors (14–09–06.2) to determine the best interests and welfare of children for the purpose of ruling on custody.

"Factors

| Favor | Factor |
|-------|--------|
| Leo | Capacity to give love, affection, guidance, education? |
| | Disposition to provide these items plus food, clothing and other care? |

Length of time in stable environment & desirability of continuation?

Past three years, by and large, (L) [Leo] more than (I) [Ilene] has been the primary caretaker ... The one who provides the child with daily nurturance, care and support.

The intimate interaction of (L) with children has created a vital bonding between them.

"6. I find and conclude that (L) appears better able at this time to supply for the children most of these needs:

| | | |
|----------|------------|------------|
| Approval | Comfort | Discipline |
| Acceptance | Control | Guidance |
| Affection | Devotion | Stability |
| Care | Dependence | Protection" |