**Margaret SCHEMPP–COOK, Plaintiff and Appellant,**

v.

**James COOK, Appellee,**

**and**

**Pat Cook and Caroline Cook, Appellees.**

**Civ. No. 890321.**

Supreme Court of North Dakota.

May 3, 1990.

McGee, Hankla, Backes & Wheeler, Ltd., Minot, for plaintiff and appellant; argued by Donald L. Peterson.

Thomas Law Firm, Minot, for appellees; argued by Robert S. Thomas.

ERICKSTAD, Chief Justice.

Margaret Schempp–Cook appeals from an order of the district court awarding visitation between Margaret's minor daughter, Theresa, and her paternal grandparents, Pat and Caroline Cook. We reverse and remand.

Margaret and James Cook were married in May 1984 and were divorced in December 1986. Margaret received custody of the couple's only child, Theresa. James was awarded visitation, but following Margaret's allegations that James sexually

abused Theresa, the court restricted James to supervised visitation.

During August 1989, James' parents, Pat and Caroline, filed a motion for grandparent visitation under Section 14–09–05.1, N.D.C.C. Following a hearing, the trial court granted their motion for visitation, awarding them one weekend visitation each month. These visitations were restricted by the court so Theresa would not have "personal or telephone contact" with James during the visitations and the grandparents were also ordered to "not participate in or permit any discussions" with Theresa "concerning the recent allegations of possible abuse or sexual molestation."

■ Margaret asserts that the visitation order should be reversed because the trial court did not make findings required under Section 14–09–05.1, N.D.C.C., which provides in relevant part:

> "The grandparents and great grandparents of an unmarried minor may be granted reasonable visitation rights to the minor during the period of minority by the district court upon a finding that visitation would be in the best interests of the minor and would not interfere with the parent-child relationship."

The statute expressly requires the court, as a prerequisite to awarding grandparent visitation, to determine whether or not the visitation would be in the best interests of the child and whether or not the visitation would interfere with the parent-child relationship. The statute requires express findings be made by the trial court on these matters, and we agree with Margaret that the district court failed to make the necessary findings.

Counsel for the grandparents asserts that the district court was not required to make findings because of the following language of Rule 52(a), N.D.R.Civ.P.:

> "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b)."

A well-settled rule of statutory construction is that a specific provision governs over a more general provision. *See Matter of Estate of Tuntland,* 364 N.W.2d 513

(N.D.1985). Although as a general principle Rule 52(a), N.D.R.Civ.P., does not require findings of fact on motion decisions, Section 14–09–05.1, N.D.C.C., specifically requires the district court to find that grandparent visitation would be in the best interests of the child and would not interfere with the parent-child relationship, as a prerequisite to awarding grandparent visitation.

■ Our court has authority under Art. VI, § 3, of the North Dakota Constitution, to promulgate "rules of procedure" to be followed by all the courts of this state. When the issue could be said to involve a matter that entwines procedure with substantive law, we will respect the clearly expressed intent of the Legislature when to do so will not compromise or unreasonably impede justice.

After the hearing the court made the following revealing remarks from the bench:

> "[THE COURT:] I think it is unrealistic to insulate Theresa from her grandparents.... I think that the Cooks deserve to see their granddaughter develop.... And, Margaret, I ask your understanding of this. You probably are not happy but I feel it is compelling for me to do this. I think any other decision would be inflicting cruelty. The grandparents have a right to visit children under our statutes...."

■ The trial court's determination on visitation is a finding of fact that will not be overturned on appeal unless it is clearly erroneous. *Quirk v. Swanson,* 368 N.W.2d 557 (N.D.1985). The trial court did not make findings as required under Section 14–09–05.1, N.D.C.C., and the record does not reveal to what extent, if any, the district court considered whether grandparent visitation would be in Theresa's best interests or whether grandparent visitation would interfere with the parent-child relationship.

The parties are entitled to a determination by the trial court which is based upon a proper application of the law. Thus, we reverse the trial court's order and remand

for a redetermination with proper findings in accordance with Section 14–09–05.1, N.D. C.C.

LEVINE, J., VERNON R. PEDERSON, Surrogate Judge, and GORDON O. HOBERG, District Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, and GORDON O. HOBERG, District Judge, sitting in place of GIERKE and MESCHKE, JJ., disqualified.

VANDE WALLE, Justice, concurring specially.

I agree that a remand for the purpose of entering adequate findings on the relevant matters specified in NDCC § 14–09–05.1, i.e., that the visitation would be in the best interests of the minor and would not interfere with the parent-child relationship, is necessary. Procedurally, this case is strikingly similar to *Anderson v. Anderson,* 448 N.W.2d 181, 182 (N.D.1989), in which the Court reversed a custody award because "the trial court failed to address the issue of whether there has been a significant change of circumstances since the original custody decree was entered."

I concurred specially in *Anderson,* observing that "There are times when we must exalt form over substance and this may be one of those times." *Anderson, supra,* 448 N.W.2d at 183 (VandeWalle, J., concurring specially). I am of a similar mind in this instance. Section 14–09–05.1 was enacted in 1983 and is thus a relatively recent statute. My research reveals only two opinions of this Court which have cited this section and none which have construed it. *See In Interest of A.M.A.,* 439 N.W.2d 535 (N.D.1989); *Quirk v. Swanson,* 368 N.W.2d 557 (N.D.1985). We have said that a trial court's award of visitation is a finding of fact that will not be overturned on appeal unless it is clearly erroneous, *Quirk v. Swanson, supra,* and it should be evident from our numerous decisions applying Rule 52, NDRCivP, to a motion to change custody that we cannot review the order of the trial court to determine whether or not it is clearly erroneous without specific findings of fact. *E.g., Muraskin v. Muraskin,* 283 N.W.2d 140 (N.D.1979). [Although, generally, trial courts are not required to prepare findings on motions under Rule 52(a), there is an exception to motions involving a modification of child custody. The fact-finding process is necessary in this situation to facilitate a proper determination of whether or not there has been a material change in circumstances to justify a change of custody.] Here, although visitation, and not a change in custody, is at issue, I agree the same principle applies. Nevertheless, as set forth in the majority opinion, there is a tension between Rule 52 and § 14–09–05.1 which heretofore has not been adequately exposed.

One final remark. We might assume that if there has been a friendly on-going relationship between the child and the grandparents in the past, as the record reflects in this instance, that it is taken for granted that visitation is in the best interests of the child. If that were the only issue here, as indicated in *Anderson, supra,* I would affirm. However, the record is not as clear concerning the other requirement of § 14–09–05.1, i.e., that the visitation will not interfere with the parent-child relationship. In view of this record, I believe particular findings of fact with regard to that requirement of the statute are necessary for this Court to adequately review the visitation award.