In the Matter of the ESTATE OF Ben LASCHKEWITSCH, deceased.

Irene LASCHKEWITSCH, Plaintiff and Appellee,

v.

Larry LASCHKEWITSCH, Defendant and Appellant.

Civ. No. 930024.

Supreme Court of North Dakota.

Oct. 26, 1993.

---

Walter M. Lipp (argued), McClusky, for plaintiff and appellee.

Lynn M. Boughey (argued), Minot, for defendant and appellant.

LEVINE, Justice.

Larry Laschkewitsch appeals from a county court order denying his claim against the estate of his uncle, Ben Laschkewitsch. We affirm.

Ben was a resident of Iowa. At the time of his death on April 22, 1991, he owned farmland in Sheridan County, North Dakota. By the terms of Ben's will, his sister Irene is to receive the income from the Sheridan County farmland for her lifetime. Upon Irene's death, the remainder interest is to pass to Larry and two of Ben's nieces.

Probate proceedings were commenced in Iowa, and Larry was appointed personal representative of Ben's estate. Larry published a notice to creditors in Iowa, and the time for filing claims in the Iowa probate expired on December 5, 1991, pursuant to the Iowa nonclaim statute. *See* Section 633.410, Iowa Code Ann.

Irene filed a petition for ancillary probate in North Dakota on September 9, 1991. Larry was also appointed personal representative in the North Dakota probate. On February 19, 1992, Irene filed a petition for distribution of the North Dakota estate, and a hearing was held in November 1992. No notice to creditors was published in North Dakota. On the date of the hearing, Larry made a claim for $10,400 in improvements he allegedly made to Ben's North Dakota property. The court denied Larry's claim, holding that it was untimely under Section 30.1–19–03(1)(a), N.D.C.C. The court also denied Irene's petition for distribution, holding that the distribution was a matter for the domiciliary probate court in Iowa. Larry appealed.

■ The dispositive issue on appeal is very narrow: May a creditor who has actual knowledge of domiciliary probate proceedings in another state make a claim in the ancillary probate in North Dakota after the time for filing claims in the domiciliary probate has expired? The answer is no.

The relevant nonclaim statute is Section 30.1–19–03(1), N.D.C.C.:

"1. All claims against a decedent's estate which arose before the death of the decedent ... if not barred earlier by other statute of limitations, are barred against the estate, the personal representative, and the heirs and devisees of the decedent, unless presented as follows:

"a. Within three months after the date of the first publication and mailing of notice to creditors if notice is given in compliance with section 30.1–19–01; provided, claims barred by the nonclaim statute at the decedent's domicile before the first publication for claims in this state are also barred in this state.

"b. Within three years after the decedent's death, if notice to creditors has not been published and mailed."

Larry does not dispute that his claim could have been made in the probate proceedings in Iowa. Larry specifically directed us to *Dow v. Lillie*, 26 N.D. 512, 144 N.W. 1082 (1914), an early North Dakota case coincidentally involving an Iowa domiciliary probate and an ancillary probate in North Dakota. The court concluded that the claimants had the option of filing their claims in either Iowa or North Dakota. *Dow v. Lillie, supra*, 144 N.W. at 1085. There also is no dispute that Larry had actual notice of the Iowa proceedings and the time limits for filing claims there. As the personal representative, Larry signed the notice to creditors and procured its publication.[1]

Larry's claim would be barred by the Iowa nonclaim statute, because it was made after the time for filing claims had expired. It is therefore barred in this state as well by Section 30.1–19–03(1)(a), N.D.C.C. That statute clearly and unambiguously provides that claims barred by the nonclaim statute in the domiciliary state before first publication of claims in this state are barred. No notice to creditors was published in this state before December 5, 1991, the date on which the period for filing claims in the Iowa probate expired. Accordingly, the literal and obvious reading of Section 30.1–19–03(1)(a) provides that claims were barred thereafter in this state as well.

■ Larry asserts that the foregoing statute applies only if a notice to creditors is at some point published in North Dakota. He further asserts that where, as here, no notice

is ever published in North Dakota, the general three-year-after-death limitation period of Section 30.1–19–03(1)(b) applies.

■ Larry has wholly misinterpreted the statute. Subsection (1)(b) of Section 30.1–19–03 is a general, catch-all limitation period if notice to creditors is not published. However, the last phrase of subsection (1)(a) is a *specific* provision governing filing of claims in an ancillary proceeding in this state. Specific provisions control over general provisions. *See* Section 1–02–07, N.D.C.C.; *In re Estate of Tuntland*, 364 N.W.2d 513, 516–517 (N.D. 1985).

Furthermore, the construction urged by Larry would lead to absurd and ludicrous results. The facts of this case provide a good example. Larry seeks to take advantage of his own failure to file a notice to creditors, which, under his interpretation, would extend the period to file claims to three years after Ben's death. In effect, Larry, as the personal representative, could affect the timeliness of his own claim by failing to file the notice to creditors. Aside from the obvious conflicts of interest thereby created, we believe it is an absurd result. Furthermore, if Larry's interpretation were adopted, the filing of a notice to creditors in this state, after expiration of the time period for claims in the domiciliary probate, would immediately cut off the creditors' right to file their claims. In effect, the publishing of the notice to creditors, which theoretically is designed to give notice to creditors of the right to make a claim, would extinguish their claims before they could make them.

■ We will not interpret a statute in a manner that produces an absurd or ludicrous result, or unjust consequences. *E.g., Ames v. Rose Township Board of Township Supervisors*, 502 N.W.2d 845, 850 (N.D.1993); *Kroh v. American Family Insurance*, 487 N.W.2d 306, 310 (N.D.1992). We conclude that Section 30.1–19–03(1)(a) governs and because Larry's claim was barred by the Iowa

---

1. Because Larry admittedly had actual notice of the running of the time for making a claim in the Iowa probate proceedings, no question is presented on the myriad statutory and constitutional issues raised when the claim of an out-of-state creditor without notice is barred by the nonclaim statute. *See, e.g., Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).

nonclaim statute, it is barred in North Dakota as well.

Irene asserts that the county court erred in denying her petition for distribution. However, Irene has not filed a cross-appeal. An appellee who has not cross-appealed may not seek a more favorable result on appeal than she received in the trial court. *Burlington Northern Railroad Co. v. Scheid,* 398 N.W.2d 114, 119 (N.D.1986); *Tkach v. American Sportsman, Inc.,* 316 N.W.2d 785, 787 (N.D.1982).

The order of the county court is affirmed.

VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., and VERNON R. PEDERSON, Surrogate Judge, concur.

VERNON R. PEDERSON, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.