**Corrected Opinion Filed 04/05/23 by Clerk of the Supreme Court**

# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 56

| | |
|---|---|
| The State of North Dakota, | Petitioner and Appellee |
| v. | |
| K.J.A., a Minor Child; | Respondent and Appellant |
| and | |
| R.A., mother; B.S., father, | Respondents |

### No. 20220286

Appeal from the Juvenile Court of Billings County, Southwest Judicial District, the Honorable Dann E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Olivia L. Krebs, Assistant State's Attorney, Dickinson, ND, for petitioner and appellee.

Benjamin C. Pulkrabek, Mandan, ND, for respondent and appellant.

**Jensen, Chief Justice.**

[¶1]  K.J.A. appeals from a juvenile court denial of his petition for early destruction of records. K.J.A. argues the juvenile court erred in concluding N.D.C.C. § 25-03.3-04 precluded the court from destroying the records because N.D.R.Juv.P. 19(e) governs and permits the court to destroy juvenile records early for good cause. We conclude N.D.C.C. § 25-03.3-04 prohibits the destruction of the records at issue and we affirm.

[¶2]  In 2020 a juvenile petition was filed asserting K.J.A. was a delinquent child pursuant to N.D.C.C. § 27-20-02(7), now N.D.C.C. § 27-20.2-01(8). K.J.A. was found to be a delinquent child and to have violated N.D.C.C. § 12.1-20-12, N.D.C.C. § 12.1-20-03(1)(d), and N.D.C.C. § 12.1-20-03(2)(a). In 2022 K.J.A. petitioned the court for early destruction of records. The court denied the petition, concluding N.D.C.C. § 25-03.3-04 precluded the court from destroying records when the alleged violation was a violation defined in N.D.C.C. § 12.1-20 or N.D.C.C. § 12.1-27.2.

I

[¶3]  K.J.A. argues the juvenile court erred in concluding N.D.C.C. § 25-03.3-04 precluded the court from destroying the records because N.D.R.Juv.P. 19(e) governs and permits the court to destroy juvenile records early for good cause. We have outlined the framework this Court applies when reviewing a juvenile court order:

> Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court's factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses. A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law. This Court reviews questions of law de novo.

    Filed by Clerk of Supreme Court 04/05/23

*In re D.O.*, 2013 ND 247, ¶ 6, 840 N.W.2d 641 (quotations omitted) (quoting *Interest of R.A.*, 2011 ND 119, ¶ 4, 799 N.W.2d 332).

[¶4] The juvenile court determined N.D.C.C. § 25-03.3-04 controlled with regard to the specific records at issue and precluded the court from destroying the records under N.D.R.Juv.P. 19(e). Section 25-03.3-04, N.D.C.C., provides:

> Notwithstanding any other provision of law, all adult and juvenile case files and court records of an alleged offense defined by chapters 12.1-20 and 12.1-27.2 must be retained for twenty-five years and made available to any state's attorney for purposes of investigation or proceedings pursuant to this chapter. If the subject of a case file or court record has died before the expiration of the twenty-five-year period, the official, department, or agency possessing the case files and records shall maintain the case files and records in accordance with the case file and records retention policies of that official, department, or agency. For purposes of this section, "adult and juvenile case files" mean the subject's medical, psychological, and treatment clinical assessments, evaluations, and progress reports; offenses in custody records; case notes; and criminal investigation reports and records.

Rule 19(e), N.D.R.Juv.P., provides:

> (e) Early Destruction of Records. A party who is the subject of a delinquency or unruly proceeding may petition the court for early destruction of records. The state's attorney of the county in which the records are held must be notified of the request. The judge may order the early destruction upon a showing of good cause to destroy the records by the party. The records may not be destroyed if it is known that the subject of the motion has criminal charges pending before any other court.

[¶5] We have noted the following when interpreting a substantive statute and a court-promulgated procedural rule:

> Our court has authority under Art. VI, § 3, of the North Dakota Constitution, to promulgate "rules of procedure" to be followed by all the courts of this state. When the issue could be said to involve a matter that entwines procedure with substantive law,

we will respect the clearly expressed intent of the Legislature when to do so will not compromise or unreasonably impede justice.

*Schempp-Cook v. Cook*, 455 N.W.2d 216, 217 (N.D. 1990).

[¶6] Section 25-03.3-04, N.D.C.C., is a substantive statute requiring retention of records when the alleged offense was a violation of N.D.C.C. § 12.1-20 or N.D.C.C. § 12.1-27.2. Precluding a court from destroying juvenile records early when the alleged offense(s) are defined in N.D.C.C. § 12.1-20 and N.D.C.C. § 12.1-27.2 will not compromise or unreasonably impede justice. Therefore, we will respect the Legislature's clear intent to require retention of records as provided for in N.D.C.C. § 25-03.3-04.

[¶7] K.J.A. was found to have violated N.D.C.C. § 12.1-20-12, N.D.C.C. § 12.1-20-03(1)(d), and N.D.C.C. § 12.1-20-03(2)(a). All three offenses are defined by chapter 12.1-20 and are subject to N.D.C.C. § 25-03.3-04. Therefore, K.J.A.'s records relating to this case must be maintained for twenty-five years and cannot be destroyed early. The juvenile court did not err as a matter of law in concluding N.D.C.C. § 25-03.3-04 precludes the court from destroying records early under N.D.R.Juv.P. 19(e).

## II

[¶8] The juvenile court did not err in denying the petition. We affirm the juvenile court's denial of K.J.A.'s petition for early destruction of records.

[¶9] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

3